UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ESCAPEX IP LLC,

                            Plaintiff,

        -against-                                       22 **CIVIL** 3575 (JMF)

**JUDGMENT**

BLOCK, INC.,

                            Defendant.

------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated January 24, 2023, the '113 Patent's claims are directed to an abstract idea and thus not eligible for patent protection. Accordingly, Block's motion to dismiss must be and is GRANTED, and the First Amended Complaint is DISMISSED. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019). Here, the problem with EscapeX's claims is substantive, so amendment would be futile. See, e.g., Roundtree v. NYC, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases); Ghaly Devices, 443 F. Supp. 3d at 434 (denying leave to replead where patent claims were found ineligible). Moreover, EscapeX does not seek leave to amend or suggest that it is in possession of facts that would cure the problems with its claims. See, e.g., Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); accord TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505-06 (2d Cir. 2014). Finally, the Court granted EscapeX leave to amend in response to Block's first motion to dismiss

and explicitly warned that it would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 31; see, e.g., Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend sua sponte." (citing cases)). Accordingly, the Court declines to sua sponte grant EscapeX leave to amend. See Guvera IP Pty Ltd., 2022 WL 4537999, at *8 (denying leave to amend in nearly identical circumstances). Judgment is entered in favor of Block; accordingly, the case is closed.

**Dated:**  New York, New York

   January 25, 2023

**RUBY J. KRAJICK**

_____
**Clerk of Court**

**BY:**  *K. Mango*

_____
**Deputy Clerk**